UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS FARMER,

        Petitioner,               Case Number: 2:15-CV-11572

v.                                  HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION
WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

### I. Introduction

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Dennis Farmer is a state inmate currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. He challenges his convictions for first-degree felony murder and felony firearm on the ground that he was denied his Sixth Amendment right to counsel. Petitioner has not exhausted this claim in state court. Therefore, the Court dismisses the petition for a writ of habeas corpus without prejudice.

### II. Background

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree felony murder, armed robbery, and felony firearm. On May 22, 2002, he was sentenced to life imprisonment for the murder conviction and two years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) prosecutorial misconduct; (ii) co-defendant's statement was improperly admitted; (iii) trial court erred in denying motion to suppress Petitioner's statement; and (iv) ineffective assistance of trial counsel.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Farmer,* No. 246776, 2004 WL 2877320 (Mich. Ct. App. Dec. 14, 2004).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People v. Farmer*, 474 Mich. 853 (Mich. 2005).

Petitioner then filed the pending habeas petition.  He raises a single claim:

Petitioner is being unlawfully imprisoned where he was denied the assistance of counsel in violation of the Sixth Amendment to the Constitution as made obligatory upon the states by the Fourteenth Amendment.

### III. Discussion

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition contains only an unexhausted claim;

therefore, the petition will be dismissed.

**B.**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Delisle v. Rivers*, 161 F.3d 370, 381 (6th Cir. 1998). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. He did not raise the denial of counsel claim on direct review. A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure

available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. He may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court will dismiss the petition without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition's single claim is unexhausted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2015.

                                        s/Deborah Tofil
                                        Case Manager