UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS FARMER,

        Petitioner,                      Case Number: 2:15-CV-11572

v.                                        HONORABLE PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On May 18, 2015, the Court summarily dismissed Petitioner Dennis Farmer's habeas corpus petition because he failed to exhaust state court remedies as required by 28 U.S.C. § 2254. Now before the Court is Petitioner's Motion for Reconsideration.

Motions for rehearing or reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner argues for reconsideration on the ground that exhaustion of his state court remedies would be futile because he is unlikely to obtain relief in state court. A prisoner is required to comply with this exhaustion requirement as long as there is still a

state-court procedure available for him to do so. *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The requirement may be excused only if there is "no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In this case, a procedure is available for exhaustion of Petitioner's state court remedies. He may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner argues that the Court should excuse the exhaustion requirement because his chances of obtaining relief are so slim. Courts routinely refuse to excuse the exhaustion requirement based upon a petitioner's own assessment that the likelihood of success in state court is, at best, remote. *See Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) ("'[T]he pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.'") (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993)); *Gibson v. Scheidemantel*, 805 F.2d 135, 141 (3d Cir. 1986) ("[I]f we permitted such a prediction [of unlikely success] to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion

doctrine."). Indeed, allowing the anticipated likelihood of success to excuse exhaustion would be both contrary to the rule and unworkable. First, assuming the truth of Petitioner's statements about the likelihood that a post-conviction motion will be successful, the vast majority of defendants who seek such relief are undertaking an exercise in futility. Therefore, under Petitioner's proposal, the exhaustion requirement would be rendered the exception rather than the rule. *Cf. Wright v. Warden, FCI-Cumberland*, 2010 WL 1258181, *1 (D. Md. March 24, 2010) ("Allowing a petitioner [in a proceeding under § 2241] to avoid the administrative process based on a mere conclusory assertion [that the administrative process will be unsuccessful] would allow the futility exception to swallow the exhaustion.") (internal quotation omitted). Second, Petitioner does not propose how to determine at the outset which state post-conviction motions will be futile and thus, those for which exhaustion should not be required. This renders any merits-based exception impossible to implement.

Petitioner fails to show that reconsideration of the Court's decision dismissing the petition without prejudice is warranted. Accordingly, the Court DENIES Petitioner's Motion for Reconsideration (ECF No. 7).

SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATE: MAR 0 2 2016

3